UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sandra L. Adams, | ) | C/A No. 4: 14-3947-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Conway Chrysler Dodge Jeep, Inc., and | ) | |
| George Gianakouros, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| | ) | |

On July 25, 2014, Plaintiff filed suit in the Court of Common Pleas of Horry County, South Carolina, against Defendants Conway Chrysler, Dodge, Jeep, Inc. ("Conway Chrysler") and George Gianakouros, State Court Civil Action No. 2014-CP-26-4987. Compl., ECF No. 1-1. This matter is before the court on Plaintiff's Motion to Remand, ECF No. 10. All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C.[1] Having reviewed the pleadings, including

---

[1] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts that have considered the issue have concluded that magistrate judges lack authority to issue orders, rather than recommendations, regarding remand. *See, e.g., Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (following the Tenth, Sixth, and Third Circuits in so concluding). In addition, at least one published opinion in this district has addressed this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report

Defendants' removal documents, and the memoranda of the parties supporting and opposing the Motion, the undersigned recommends Plaintiff's Motion to Remand be *denied*.[2]

Plaintiff's Complaint includes causes of action for "Intentional Infliction of Emotional Distress and Tort of Outrage," "Negligent Supervision/Retention," "Negligence," "Assault," and "Wrongful Discharge" against her former employer, Conway Chrysler, and Conway Chrysler's finance manager, Gianakouros. *Id.* Compl., ECF No. 1-1 at 2-9. Although each of the specific causes of action actually pleaded are state-law based, Plaintiff begins and ends her Complaint with reference to "Title VII of the Civil Rights Act of 1964" and 42 U.S.C. § 2000. Compl., ECF No. 1-1 at 2, 10 (the "Jurisdiction" and "Wherefore" paragraphs). In the "Jurisdiction" portion of her Complaint, Plaintiff avers as follows:

> This action arises out of the defendant's deprivation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(3), et. seq. And [sic] the statutory and common law of the State of South Carolina.
>
> Jurisdiction is invoked pursuant to 42 U.S.C. §2000 (3)5(f)(3), as amended, and cases decided thereunder granting concurrent jurisdiction to state courts to hear and decide cases arising under Title VII of the Civil Rights Act of 1964. Plaintiff requests a jury trial in this action.

Compl. 1, ECF No. 1-1 at 2. Plaintiff closes her Complaint with the following "WHEREFORE" paragraph:

> WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, for actual and punitive damages in an amount to be determined by the triers of fact, for attorneys fees, the costs of this action, and for such other and further relief as this court might deem just and proper, including but not limited to, such other relief available to the Plaintiff as provided for by Title VII of the Civil Rights Act of 1964, as provided by 42 U.S.C. §2000, and the common and statutory laws of the State of South Carolina.

---

and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

[2] Also pending is Defendants' Motion to Dismiss, ECF No. 5, which the court will address separately. Further, because the dispositive motion does not seek dismissal of Plaintiff's Title VII claim, the court will issue a scheduling order so discovery may begin.

Compl. 9, ECF No. 1-1 at 10. In addition, in the caption heading for Plaintiff's Summons and Complaint, Plaintiff lists the causes of action as "(Sexual Harassment, Assault, Negligence)."[3] ECF No. 1-1 at 1, 2. In addition, Plaintiff avers that Defendant Conway Chrysler "is an employer within the meaning of §701(b) of Title VII, 42 U.S.C. 2000(e)(b)." *Id.* at 3.

Defendants were served with the Complaint on September 12, 2014 and timely removed the matter to this court on October 10, 2014, alleging this court has jurisdiction pursuant to 28 U.S.C. § 1331 (often called "federal question jurisdiction") because the "Jurisdiction" and "WHEREFORE" paragraphs of the Complaint "purport[]" to bring this action "in part pursuant to 42 U.S.C. § 2000e et seq. ('Title VII')." ECF No. 1 at 1-2. Further, Defendants submit the court has jurisdiction to consider Plaintiff's five state-law claims based on the court's supplemental jurisdiction, 28 U.S.C. § 1367, as the state-law claims are "related to the federal law claim and all claims derive from a common nucleus of operative fact." *Id.* at 2.

Cases initially brought in state court that are subject to removal to this court include "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). The two primary bases of this court's original jurisdiction are found in 28 U.S.C. § 1331 ("federal question" jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States[]"), and 28 U.S.C. § 1332 ("diversity of citizenship" jurisdiction for civil actions between "citizens of different States" and an amount in controversy exceeding $75,000, exclusive of costs and fees). When jurisdiction otherwise exists, the court may also exercise its "supplemental jurisdiction over all other claims that are so related to claims in the action" over which original jurisdiction exists. 28 U.S.C. § 1367(a). Here, Defendants removed Plaintiff's Complaint based on the court's federal question

---

[3] The undersigned notes, however, that Plaintiff has not set forth a specific cause of action for sexual harassment in her Complaint.

jurisdiction and supplemental jurisdiction. ECF No. 1.  Defendants do not reference diversity-of-citizenship (§ 1332) jurisdictional grounds at all.

In moving to remand, though, Plaintiff focuses on diversity-of-citizenship jurisdiction, arguing the parties are not diverse. Pl.'s Mot. Remand 2-3, ECF No. 10.  Plaintiff also generally (and correctly) argues that federal courts are courts of limited jurisdiction and that removal statutes must be construed in favor of remand. *Id.* at 1-2. However, Plaintiff's argument seems to erroneously presume that, when a federal statute provides a basis for concurrent jurisdiction in both state and federal courts, removal is inappropriate when, as the party initiating the suit, Plaintiff chooses to bring it in state court. *See id.* at 3 (arguing remand appropriate because, *inter alia*, "42 U.S.C. §2000(3)5(f)(3) provides for concurrent jurisdiction to State Courts as it relates to Plaintiff's stated claims").[4]  In *Yellow Freight Systems, Inc. v. Donnelly*, 494 U.S. 820, 823 (1990), the United States Supreme Court noted that, although Title VII itself was silent as to whether state and federal courts held concurrent jurisdiction over Title VII claims, *see* 42 U.S.C.A. § 2000e-5(f)(3), that silence must be resolved in favor of concurrent jurisdiction in Title VII matters concerning private employers.  So, although Plaintiff is correct that this court and the Court of Common Pleas in which she originally filed this suit have concurrent jurisdiction over the Title VII claims, it does not follow that removal was improper. *See Couram v. Davis*, No. CA 3:11-3200-MBS-PJG, 2012 WL 2428581, at *2 (D.S.C. Mar. 14, 2012), *Report and Recommendation adopted*, No. CA 3:11-3200-MBS-PJG, 2012 WL 2428567 (D.S.C. June 27, 2012) ("'Concurrent subject-matter jurisdiction, shared by state and federal courts, does not imply that removal is prohibited.'") (quoting 14C Wright *et al.*, *Federal Practice and Procedure,* § 3728 at 368).

---

[4] 42 U.S.C. § 2000(3)5(f)(3) does not appear to be a correct citation for this point.

Importantly, Plaintiff does not dispute that her Complaint includes a Title VII claim. *See* Pl.'s Mot. Remand 3, ECF No. 10 (claiming jurisdiction exists because, *inter alia*, Title VII provides for concurrent jurisdiction, making remand proper). As discussed above, however, "concurrent" Title VII jurisdiction *permits* a state court to consider Title VII claims; it does not divest the federal court of federal-question jurisdiction, nor does it authorize remand to state court based on Plaintiff's preferences. Accordingly, Title VII vests the court with federal question jurisdiction pursuant to 28 U.S.C. § 1331. Although Plaintiff's desire to be in state court is plain, she has not unequivocally abandoned or renounced Title VII claims. *Cf. Harless v. CSX Hotels, Inc.,* 389 F.3d 444, 447-48 (4th Cir. 2004) (affirming district court's remand of matter after granting plaintiff's motion to amend the complaint in a manner that removed federal issues); *see Edmond v. Byars*, No. 1:14-CV-446-RBH, 2014 WL 5020146, at *3 (D.S.C. Oct. 3, 2014) (citing *Harless* and remanding, noting plaintiff's affirmance that he did not intend the complaint to bring federal causes of action).[5]

Further, Plaintiff's state-law claims are related to the same facts and appropriately may be considered pursuant to the court's supplemental jurisdiction. 28 U.S.C. § 1367. Plaintiff's Motion to Remand, ECF No. 10, should be *denied*.

IT IS SO RECOMMENDED.

March 26, 2015                                                         Kaymani D. West
Florence, South Carolina                                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] Were Plaintiff to advise the court that she does not intend to pursue any federal claim, the court's considerations may be different. However, nothing in this Report and Recommendation should be construed as hypothetically expressing an opinion as to the court's jurisdiction.